Callender
*v.*
Sweat *et al.*

---

CLARK CALLENDER *v.* ISAAC D. SWEAT and LEVI S. LEWIS.

Where it was attempted to be proved that a partnership existed between two persons as innkeepers, &c., by the admission of one of the alleged partners, and by the course and circumstances of their business and their joint use of the property, connected with the tavern house, it was held that an assignment of the tavern furniture and accounts, by the other alleged partner, to a third person, for the payment of the assignor's debts, might be given in evidence as tending to rebut the testimony on the part of the plaintiff, and to show that the alleged partners had not been in the joint receipt of the income of the tavern.

ASSUMPSIT, for money paid, money had and received and money lent, against the defendants, as partners.

Sweat was defaulted, in the county court, and Lewis pleaded non-assumpsit. Issue to the country.

On the trial in the county court the plaintiff introduced testimony tending to show, that, on the 25th day of April, A. D., 1839, Sweat and Lewis entered into partnership, in the business of keeping a tavern, in Shoreham, and of buying and selling cattle; that the partnership was to continue one year from the 1st of May, 1839; that Sweat and Lewis each owned a small farm, the proceeds of which were to go into their partnership business, and that both were to give their personal services to the business of the partnership; that they were to share equally in the profits and loss; that they both moved into the tavern house, and commenced the business of tavern-keeping, on the first day of May, 1839, and continued the business, as partners, both giving to it their personal services, and the services of their families, until November, 1839, when Sweat failed and the business of tavern keeping was given up.

There was also testimony tending to show that Lewis had admitted the existence of the partnership. The plaintiff further introduced testimony tending to show that in June, 1839, he signed a note with Sweat to the Vergennes bank for one hundred and fifty dollars; that Sweat was the principal in said note and received the money for it at the bank, and that this money went into the business for the benefit of the partnership in purchasing supplies for the tavern, and that the plaintiff was compelled to pay, and did pay, the whole of the note to the bank.

The defendant, Lewis, among other things tending to disprove a partnership, offered in evidence an assignment, made by Sweat at the time of his failure in November, 1839, to the plaintiff and another, who were sureties for Sweat, to indemnify them, and to pay other debts, by which assignment the tavern furniture and tavern accounts, among other things, were assigned, and the assignment specified the debts to be paid out of the property assigned, but did not contain the demand for which this suit was brought. The plaintiff objected to the admission of the assignment, but it was admitted by the court and a verdict was returned for the defendants.

The plaintiff excepted to the decision of the court, in admitting the assignment.

*U. H. Everest,* for plaintiff.

We contend that the court erred in admitting the assignment offered by the defendant and that it was improperly admitted by the court.

It was not relevant to the issue. It had a direct tendency to mislead the jury in making up their verdict, and without the admission of the assignment a verdict must have been found for the plaintiff on the evidence by him introduced.

Evidence must be relevant to the facts in issue, for no evidence can be admitted that does not tend to prove such facts. 1 Swift's Dig. 768.

It is for the court to determine the admissibility of particular evidence, with reference to the facts in issue. 1 Stark. Ev. 430.

*E. N. Briggs,* for defendants.

The testimony introduced in this case was mostly directed to the issue, whether Lewis was a partner with Sweat in business in the spring and summer of 1839.

For the purpose of proving the copartnership, it was competent for the plaintiff to prove an agreement between Sweat and Lewis, or articles of copartnership, to show that they were in fact copartners, sharing in the profits and loss of the business transacted, or that they held themselves out to the public as partners, or to show that Lewis was a secret or dormant partner, participating in the profits of the business.

It was certainly competent for Lewis, on his part, to rebut the evidence of the plaintiff, by showing that he was not a partner with Sweat; that there was no agreement to share in the profits and loss of the business to be transacted, and to show that he was not a dormant partner.

A joint participation in the profits of the keeping of the *public house* might make Lewis liable.

A dormant partner is one who is a participant of the profits of the trade.

He is liable as a partner because he receives a part of the fund which is the proper security for the satisfaction of the debt. 16 Johns. R. 40.

Was the assignment made by Sweat to plaintiff in November, 1839, admissible evidence?

It was introduced to support the issue, on the part of Lewis, and had that tendency.

It tended to prove that Sweat assigned to the plaintiff the proceeds of the tavern business, the tavern furniture, accounts growing out of the business, notes, &c.

The assignment tended to prove that Lewis did not participate in the proceeds of the business ; that the accounts and notes were in the name of Sweat, and that Sweat controlled the business and disposed of the property to pay the plaintiff, and not upon what plaintiff claims as a partnership debt. *Richardson* v. *R. & W. Turnpike Co.*, 6 Vt. R. 496. 1 Starkie's Ev. 17. 2 Stark. 380.

It cannot be objected that it did not prove the whole issue.

*The opinion of the court was delivered by*

Bennett, J.—The question litigated at the trial was in relation to the existence of a partnership between the defendants in the business of innkeepers, and the purchase and sale of cattle. No partnership contract was given in evidence, but it was attempted to be established against Lewis by his admissions and against the two by the course and circumstances attending their business.

Both of the defendants lived in the tavern-house, and, it was contended, were in the joint use of the property connected with the tavern house. The assignment by Sweat to Callender of the tavern furniture and tavern accounts, for the payment of debts which he owed, would tend to rebut the evidence on the other side, and to show that the defendants had not been in the joint receipt of the income of the tavern, though they might have been apparently carrying it on together, and was properly admitted in evidence.

The judgment of the county court is affirmed.